IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MANZOOR A. MEMON, | § | |
| AAMIR H. MEMON, | § | |
| SANAM A. MEMON, and | § | |
| MEMON CORPORATION, INC., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. H-03-1944 |
| | § | |
| BASKIN-ROBBINS | § | |
| INCORPORATED and BASKIN- | § | |
| ROBBINS USA, CO., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Defendants' Petition for Attorneys' Fees & Costs Pursuant to the Express Terms of the Parties' Franchise Agreement (Document No. 30). Having considered the motion, submissions, and applicable law, the Court determines the motion should be denied.

## BACKGROUND

Plaintiffs Manzoor A. Memon, Aamir H. Memon, Sanam A. Memon, and Memon Corporation, Inc. (collectively "Plaintiffs") filed the instant action in state court on April 24, 2003, alleging various state claims stemming from a franchise agreement entered into between Defendants and Memon Corporation, Inc. Manzoor A. Memon, who is not an attorney, filed the state court petition on behalf of himself, Memon

Corporation, Inc., and the other individual Plaintiff's.[1]  Defendants timely removed the action to this Court based on diversity of citizenship and, on June 11, 2003, filed a motion to dismiss.  In their motion, Defendants argued Manzoor A. Memon could not represent the other individual Plaintiffs or Memon Corporation, Inc.  Defendants further alleged that Manzoor A. Memon had no standing to bring the suit on his own behalf because he was not a party to the franchise agreement.  On October 15, 2003, Plaintiffs filed their own motion to dismiss, seeking dismissal of their case without prejudice until they could afford to retain counsel.  Defendants opposed dismissal without prejudice.

On October 30, 2003, the Court granted Defendants' motion to dismiss and dismissed the entire case.[2]  Thereafter, Memon Corporation, Inc. retained counsel and appealed the dismissal.  The United States Court of Appeals for the Fifth Circuit found Memon Corporation, Inc.'s claims should not have been dismissed with prejudice and remanded for further proceedings.  Upon remand, the Court, *sua sponte,* dismissed Memon Corporation, Inc.'s claims without prejudice.  Thereafter, Defendants filed the instant motion seeking attorneys' fees and costs pursuant to the franchise agreement.

---

[1] Manzoor A. Memon ostensibly filed the state court petition on behalf of the other named Plaintiffs, but the other Plaintiffs failed to appear, did not participate in the litigation, and did not appeal the dismissal of their claims.

[2] Because the Court did not specify that Plaintiffs' claims were dismissed with or without prejudice, the Order constituted a dismissal with prejudice. *See* FED. R. CIV. P. 41(b).

## LAW AND ANALYSIS

Defendants seek to recover attorneys' fees from Memon Corporation, Inc. and Aamir H. Memon pursuant to the fee provision in the franchise agreement.[3] The franchise agreement contains two provisions relevant to the instant motion. Paragraph 25.1 provides the agreement "shall be interpreted and construed under the laws of the state in which [Baskin-Robbins] has its principal place of business. . . ." Further, paragraph 25.7 of the agreement indicates that if a dispute arises between Baskin-Robbins and Memon Corporation, Inc. stemming from the agreement, then "the prevailing party shall be entitled to recover from the other(s) all of the legal expenses of the prevailing party, including reasonable attorney's fees. . . ." Thus, the Court must determine which state's law governs the agreement and whether Baskin-Robbins is a "prevailing party" under that state's law.

*Contract Interpretation*

Defendants indicate Baskin-Robbins shifted its principal place of business from California, where it was located at the time the parties executed the franchise agreement, to Massachusetts, where it was located at the time Plaintiffs filed suit. Thus, because Defendants' primary place of business changed after the execution of

---

[3]Aamir H. Memon signed the franchise agreement on behalf of the corporation and personally guaranteed the agreement.

the agreement, the Court must divine the meaning of the "primary place of business" provision in the franchise agreement.

An unambiguous contract can be construed as a matter of law under the laws of Texas, California, and Massachusetts. *See Hess v. Ford Motor Co.,* 41 P.3d 46, 53 (Cal. 2002) (interpretation of written contract is a matter of law unless interpretation turns on credibility of extrinsic evidence); *Seaco Ins. Co. v. Barbosa,* 761 N.E.2d 946, 951 (Mass. 2002) (unambiguous contract can be construed as a matter of law); *Wal-mart Stores, Inc. v. Sturges,* 52 S.W.3d 711, 728 (Tex. 2001) (a contract is not ambiguous and can be construed as a matter of law if it can be given a certain legal meaning or interpretation). Here, the Court determines the franchise agreement is unambiguous and can be construed as a matter of law. *Id.*

Baskin-Robbins had its primary place of business in California at the time the parties entered into the franchise agreement. However, the parties did not dictate that California law would govern the agreement. Rather, the parties unequivocally chose to employ language dictating that the agreement would be governed by "the laws of the state in which [Baskin-Robbins] has its primary place of business . . . ." Moreover, other language in the agreement indicates the parties consciously chose not to require California law govern the contract. Specifically, the agreement provides that the "choice of law shall not include the California Franchise Relations Act or the California

Franchise Investment Law . . . ." Such language evinces the parties' intent to leave open the possibility that the law governing the contract might change subsequent to the execution of the agreement. Had the parties wanted California law to apply regardless of Baskin-Robbins' primary place of business, they would have employed language requiring application of California law and would not have included the "primary place of business" clause. Accordingly, the Court determines the parties intended Massachusetts law to govern the agreement because that is where Baskin-Robbins has its primary place of business.

*Choice of Law Provision*

A plain reading of the franchise agreement indicates Defendants are entitled to recover the costs of litigation only if they are the "prevailing party" under the laws of the state that governs the agreement. Normally, the Court, sitting in diversity, would need to determine whether to apply the law of the state chosen by the parties. *See Mayo v. Hartford Life Ins. Co.,* 354 F.3d 400, 403 (5th Cir. 2004); *Desantis v. Wackenhut Corp.,* 793 S.W.2d 670, 677 (Tex. 1990).[4] However, because Texas and

---

[4] Under Texas law, when confronted with a choice of law provision in an agreement, a Court should generally apply the law of the state chosen by the parties unless such law has no reasonable relation to the case. *Desantis,* 793 S.W.2d at 677. If the choice of law provision is inapplicable, Texas courts apply the Restatement (Second) of Conflict of Laws "most significant contacts" test to determine which state's law to apply. *See Duncan v. Cessna Aircraft Co.,* 665 S.W.2d 414, 420-21 (Tex. 1984); RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 188 (1971).

Massachusetts law similarly interpret the term "prevailing party," the Court need not determine whether the choice of law provision is valid. Specifically, Massachusetts courts have, in workers' compensation cases, defined the "prevailing party" as one who "succeeds on any significant litigation issue, achieving 'some of the benefit' sought in the controversy." *Conroy's Case,* 809 N.E.2d 1069, 1072 (Mass. App. Ct. 2004). Moreover, under Texas law, a "prevailing party" is one who "successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not to the extent of its original contention." *Flagship Hotel, Ltd. v. City of Galveston,* 117 S.W.3d 552, 564 (Tex. App – Texarkana 2003, pet. denied). In short, "the prevailing party is the one who is vindicated by the trial court's judgment." *Head v. U.S. Inspect, DFW, Inc.,* 159 S.W.3d 731, 749 (Tex. App. – Fort Worth 2005, no pet.).

Here, the Court dismissed Memon Corporation Inc.'s claims without prejudice, leaving open the possibility of Memon Corporation, Inc. filing the claims at a later date. Plaintiffs sought dismissal without prejudice in their October 15, 2003 motion. Thus, the relief ultimately awarded by the Court was the relief sought by Plaintiffs, not Defendants. In addition, the Court notes it previously dismissed Plaintiffs' claims because Plaintiffs lacked standing and because Manzoor A. Memon improperly attempted to represent Memon Corporation, Inc. The Court never found Plaintiffs'

claims lacked merit. Hence, Defendants neither prevailed on a main issue in the litigation nor received the relief they sought. Accordingly, the Court determines Defendants are not the "prevailing party" in the instant litigation under either Texas or Massachusetts law. *See Head,* 159 S.W.3d at 749; *Conroy's Case,* 809 N.E.2d at 1072.

Defendants also appear to seek to recover attorneys' fees from Aamir H. Memon based on the claims he filed in his individual capacity. However, because Defendants failed to file a motion for attorney's fees within 14 days of the dismissal of claims asserted by Aamir H. Memon in his individual capacity, Defendants may not now seek to recover attorney's fees from Aamir H. Memon based on those claims. *See* FED. R. CIV. P. 54(d)(2) (motion for attorney's fees must be filed no later than 14 days after entry of judgment).

Because Defendants fail to make the requisite showing that they are the "prevailing party" within the meaning of the franchise agreement, they are not entitled to recover attorneys' fees from Plaintiffs.[5] Therefore, the Court need not address the reasonableness of the fees sought by Defendants. Given the foregoing, the Court hereby

---

[5] Because Defendants have moved only under Rule 54(d)(2) of the Federal Rules of Civil Procedure, the Court will not address costs other than attorney's fees. *See* FED. R. CIV. P. 54(d)(2).

7

ORDERS that Defendants' Petition for Attorneys' Fees & Costs Pursuant to the Express Terms of the Parties' Franchise Agreement (Document No. 30) is DENIED.

SIGNED at Houston, Texas, on this 6th day of July, 2005.

*David Hittner*

_____

DAVID HITTNER

United States District Judge